UNITED STATES of America,

v.

Jeffrey S. RICHMOND.

Cr. No. 93–10335–NMG–02.

United States District Court,
D. Massachusetts.

Feb. 15, 1994.

Charles W. Rankin, Rankin & Sultan, Boston, MA, for defendant.

---

**8**

Dina M. Chaitowitz, U.S. Attys. Office, Boston, MA, for the U.S.

*MEMORANDUM AND ORDER ON DE-FENDANT'S MOTION FOR EXPERT WITNESS DISCLOSURE (# 22)*

COLLINGS, United States Magistrate Judge.

The issue in dispute between the defendant and the government concerns the time within which the government must make the disclosure mandated by Rule 16(a)(1)(E), Fed.R.Crim.P., which became effective on December 1, 1993.

The Rule provides:

> **(E) Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant a written summary of the testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

The defendant has filed Defendant's Motion for Expert Witness Disclosure (# 22) seeking this material. The government responds as follows:

> The government has no objection to this request, but asks only that it be entitled to disclose this information three days before trial, *if possible.* That is, need for expert testimony may become apparent during the course of a trial, in which case prior notification would be impossible. The rule does not set forth any particular date for disclosure.

Government's Response to Jeffrey S. Richmond's Pretrial Motions (# 41) (Emphasis in original).

The government's response is totally unrealistic given the purposes which prompted enactment of the Rule. First, it is hard to imagine a situation in which the government would not learn of the need for expert testimony until the trial is underway except as rebuttal testimony. The Rule, by its explicit terms, does not require disclosure of any experts to be called in rebuttal. Rather,

disclosure is limited to experts to be called by the government during its case in chief.

Second, disclosure three days before trial is absurd. The Advisory Committee Notes to the new Rule report that:

> The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination. [citation omitted].
>
> *      *      *      *      *      *
>
> Although no specific timing requirements are included, it is expected that the parties will make their requests in a timely fashion.

Amendments to Federal Rules of Criminal Procedure, 147 F.R.D. 387, 473 (1993).

Having the information for the first time three days before trial can hardly be said to cure the "surprise" resulting from "unexpected expert testimony" or give the defendant "a fair opportunity to test the merits of the expert's testimony."

The defendant seeks disclosure at the same time the government is required to make the disclosures under the other subsections of Rule 16(a)(1), Fed.R.Crim.P. *See* Reply of Defendant Jeffrey S. Richmond to Government's Response to Defendant's Motion for Expert Witness Disclosure (# 46). I agree that to the extent that such an expert's written summary has or can be prepared, disclosure to the defendant should occur forthwith upon the defendant's request. However, I can envision circumstances in which the defendant requests discovery under the Rule and at the time of the request, the government's trial preparation has not proceeded to the point where an expert's written summary has been prepared or can be prepared. In such a situation, my judgment is that in order to serve the purposes of the Rule, the expert's written summary must be disclosed to defendant's counsel not less than forty-five calendar days before trial unless the government files a protective order with the Court pursuant to Rule 16(d), Fed. R.Crim.P., seeking, upon a showing of good cause, a deferral of disclosure of the expert's

written summary to a later time and obtains such an order.

Accordingly, it is ORDERED that Defendant's Motion for Expert Witness Disclosure (# 22) be, and the same hereby is, ALLOWED to the extent that:

(1) The government shall disclose FORTHWITH all written summaries of its experts as specified in Rule 16(a)(1)(E), Fed.R.Crim.P., to the extent that said summaries currently exist or are able to be produced at this time.

(2) As to any written summaries of experts as specified in Rule 16(a)(1)(E), Fed.R.Crim.P., which are not in existence or not able to be produced at this time, said written summaries shall be disclosed to defendant's counsel as soon as they are produced or are able to be produced **but in no event less than forty-five (45) days before trial** unless the government seeks and obtains a protective order deferring disclosure until such later time.

It is FURTHER ORDERED that the Defendant's Motion for Expert Witness Disclosure (# 22) be, and the same hereby is, otherwise DENIED without prejudice.