**UNITED STATES of America, Plaintiff.**

v.

**Vicky STRICKLAND and Aaron C. Koons, Jr., Defendants.**

**Nos. IP 99–0015–CR–07–T/F, IP 99–0015–CR–08–T/F.**

United States District Court, S.D. Indiana, Indianapolis Division.

Sept. 1, 2000.

Christina McKee, Office of the U.S. Attorney, Indianapolis, IN, for plaintiff.

Kevin McShane, Mark Inman, Andrew Maternowski, Richard Kempf, Indianapolis, IN, Richard Kammen, McClure & Kammen, Indianapolis, IN, Linda Wagoner, Indiana Federal Community Defender, Indianapolis, IN, for defendants.

**Entry On Motions in Limine of Defendants Cleo Neal, Strickland and Koons**

TINDER, District Judge.

On April 24, 2000, Defendant Cleo Neal filed her "Motion In Limine To Exclude Expert Testimony Or, In The Alternative, To Compel Disclosure And To Continue Trial," seeking to exclude from evidence any expert testimony offered by the government due to its failure to comply with the court's scheduling order, or alternatively, to compel disclosure and grant a continuance to allow the defense sufficient time to prepare for trial. Ms. Neal's motion discusses expert testimony as it pertains to the Internal Revenue Service

("IRS") calculations and computations, although the motion seeks to exclude expert testimony without limitation to these items.[1]

On April 27, 2000, Defendant Vicky Strickland filed her "Motion In Limine," seeking an order prohibiting the government from calling any expert witnesses regarding the "gambling enterprise" or the working of video gaming machines seized from the defendants. She argues that the government has not timely complied with the court's orders that it provide its expert witness information, including the experts' credentials and reports of examinations and tests.

On May 2, 2000, Defendant Aaron C. Koons, Jr., filed his "Motion To Join Motions In Limine" and "Motion In Limine And Motion to Sever," joining in the motions in limine of Cleo Neal and Vicky Strickland and supplementing them with his own request to exclude evidence, namely: (1) any statements offered pursuant to FED.R.EVID. 801(d)(2)(E) as "statements of co-conspirators" with respect to Koons, and (2) "any documents on the attached list of items." The portions of Mr. Koons' motion regarding alleged co-conspirator statements and severance are addressed in separate entries.

### Background

In April 1999, the court ordered the government to disclose reports of examinations and tests as follows:

> On or before April 23, 1999, the Government shall permit the Defendants to copy or photocopy 'all results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the Government, the existence

of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial.'

(Entry Granting Cont. Trial & Trial Prep. & Sched. Order of April 16, 1999 at 7; *see also* Notification Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order & Other Matters, dated February 19, 1999, at 5, ¶ G.1.(d).) The court ordered the government to provide the results of the calculations/computations performed by the Internal Revenue Service witnesses no later than August 2, 1999, to the extent they had been completed. (Entry Granting Cont. Trial & Trial Prep. & Sched. Order of April 16, 1999 at 7.)

Subsequent to that Scheduling Order but still early in the case, the government proposed a scheduling order requiring it to provide the defense with the IRS calculations and computations as well as the government's expert testimony summaries approximately six weeks prior to trial. The court adopted the government's proposed scheduling order over Ms. Neal's objection. Thus, the government's disclosures of IRS calculation and computations and summaries of expert witness testimony[2] were due on April 3, 2000. (Second Modified Sched. Order for May 15, 2000 Trial at 2.) However, the court granted extensions of this disclosure deadline, ultimately extending the deadline to April 20, 2000. (*See* Entry for April 19, 2000 at 2 (extending deadline to April 20, 2000).)

On April 20, 2000, the government made available to defense counsel certain disclo-

---

1. Because Ms. Neal has entered a guilty plea, it is only because of Mr. Koons' motion to join in her motion in limine that the latter motion is addressed.

2. "Expert testimony summaries" means "written summar[ies] of testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence dur-

ing the case in chief at trial, including the witnesses' opinions, the bases and the reasons therefore and the witnesses' qualifications." (*See* Entry Granting Cont. Trial & Trial Prep. & Sched. Order of April 16, 1999, at 7–8; *see also* Notification of Assigned Judge, Automatic Not Guilty Plea, Trial Date, Discovery Order & Other Matters of 2/19/99 at 5.)

sures including a single-paged document entitled "Corrected Taxable Income and Tax," which is attached to Ms. Neal's motion as Exhibit B. The government indicates that the document summarizes the tax calculations of its IRS expert witness in this case. Ms. Neal contends this document is inadequate and fails to comply with Rule 16. In order to decide whether the government's expert disclosures are sufficient, the court considers the disclosures and discovery made by the government throughout this case.

On March 10, 1999, the government sent a letter to defense counsel of record and provided them with copies of four reports prepared by experts who had examined video machines associated with John Neal: an 8/26/96 Federal Bureau of Investigation ("FBI") report, a 5/15/97 FBI report, a 3/4/99 FBI report, and an 10/7/98 report of Mississippi Gaming Commission. The government states that the latter report states "Engineer D.C. Ladner, Director." The letter indicated that counsel could arrange to view and make copies of evidence obtained in the course of the investigation by contacting Special Agent Jeff Meyer of the FBI. (*See* Resp. Mot. Limine Exclude Test., Ex. A.) The letter also indicated that video machines seized by law enforcement were available for counsels' inspection. The government has represented that these four reports are all the expert reports regarding the gambling devices that the government has.

On March 16, 2000, counsel for the government met with Defendant John Neal's counsel and provided a letter, dated March 8, 2000, outlining the government's expected proof at trial. The letter included a discussion of the gambling business, indicated the government intended to offer expert testimony that the machines were pure games of chance from two witnesses: D.C. Ladner, an electrical engineer and director of the Mississippi Gaming Laboratory, and Doug Dunlop, an FBI expert in gambling businesses. The letter refers to the anticipated testimony of the gambling

experts. (Gov't's Response to Mot. Limine Exclude Testimony, Ex. D at 3.)

At the March 16 meeting, counsel for Defendants John and Cleo Neal were advised that the government would rely on the expenditures method of proof in its tax case and was provided a set of schedules itemizing the expenditures the government intended to prove. Counsel also received a summary of those schedules. The schedules were divided into categories, bar expenditures, personal expenditures, financial accounts, and business expenditures, and listed the particular items which were included in each category for each tax year charged. The summary schedule listed the sum of money identified for each tax year from: non-taxable sources, additional depreciation expenses, and the depreciation and business expenses per the returns filed. The summary schedule also listed the total corrected adjusted gross income and showed the subtraction of the reported adjusted gross income to arrive at the sum of unreported tax income for the tax year charged. The government states that on several occasions its counsel offered to discuss the schedules with defense counsel, but the offer was not accepted.

On April 20, 2000, as previously stated, the government provided defense counsel with the single-paged document entitled "Corrected Taxable Income and Tax," which it indicates summarizes the tax calculations of its IRS expert witness in this case. On that same date, the government provided to defense counsel, among other things, a First Proffer of Summary Exhibits and a First Draft of Government's Exhibit List.

Also on April 20, 2000, the government filed the Government's Proffer In Support Of The Admissibility Of Co–Conspirators' Declarations Under Fed.R.Evid. 801(d)(2)(E) ("*Santiago* Proffer" or "proffer"). The *Santiago* Proffer contains a summary of the testimony of the government's expert witnesses on gambling-D.C. Ladner and Doug Dunlop. (*See Santiago* Proffer at 9.) It states that Ladner has

tested many of the types of video gambling machines involved in this case and testified as an expert numerous times; he examined several circuit boards of machines owned by Video Service; and he will testify that operated on their own, the machines will award 7 credits for every 10 bet. (*Id.*) The proffer states that Dunlop will testify about how a typical gambling business works and, based on the records seized from John and Cleo Neal's house and Video Services as well as his examination of the video gambling machines, the Neals' business was a typical gambling business. He will also testify that empirical tests performed on the machines demonstrate a player cannot affect the outcome of the machine, according to the proffer. (*Id.*) Further, though not referenced as such and not identified by name, the proffer does provides a very cursory summary of the tax expert's testimony-that the Neals spent millions of dollars in purchasing bars and other expenditures that far exceeds their income reported to the IRS. (*Id.* at 9–10.)

On April 26, 2000, the government filed its Exhibit List. In addition, it made available to defense counsel a copy of its proposed Government Exhibit 822, which is at least one inch thick. The government represents that Exhibit 822 is the summary exhibit IRS Revenue Agent Stanczak will use at trial and contains the information he expects to rely on and the calculations he expects to perform in determining at trial the unreported income and tax due. (*See* Govt.'s Ex. List & Proposed Govt. Ex. 822.) The Exhibit includes the schedules described above and lists items asserted to be nontaxable sources of income and depreciation calculations. It also includes business records and third party documents which Agent Stanczak (its tax expert) will use in his calculations. The specific items are described and referred to by the proposed government exhibit number, all of which the government repre-

sents have been available to defendants since March 1999. Agent Stanczak's qualifications were not included with Exhibit 822. But on April 28, 2000, the government filed Government's Notice of Expert Witness Qualifications, with the qualifications of IRS Agent Dennis Stanczak attached.

The government represents that on April 24, 2000, it agreed to make its exhibits available for copying and that copying by the defense of its proposed trial exhibits began on April 26, 2000.

On April 27 and 28, 2000, the government filed responses to the motions in limine of Defendant Cleo Neal and Strickland, respectively. In its Response to Defendant Strickland's Motion in Limine, the government clarifies that "James Dunlop" and "Doug Dunlop" are the same person-"James Douglas 'Doug' Dunlop".[3] Attached to that response are the curriculum vitae of James Douglas Dunlap and Desmond C. Ladner. The certificate of service attached to this response indicates that it was served on all defense counsel.

On August 23, 2000, the government filed two Government's Notice Regarding Expert Witness and a Memorandum in Support of Government's Expert Witnesses, again providing information about the government's expert witnesses, Desmond C. Ladner and James Douglas Dunlap, their opinions and bases therefor. The Notice includes the results of the experts' examinations of various gaming devices in this case.

The trial in this case, which has been continued several times, presently is set for September 7, 2000. It is expected to last three weeks.

### Discussion

#### A. Expert Witnesses and Reports of Examinations and Tests

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, which governs disclo-

---

**3.** The court assumes that the spelling of "Dunl<u>op</u>" is a typographical error and that the correct spelling of the individual's sur-

name is "Dunl<u>ap</u>," as indicated in the CV attached to the government's response.

sure and inspection of expert witnesses, provides in relevant part:

> **(E) Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subdivision shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

FED.R.CRIM.P. 16 (a)(1)(E); *see also United States v. Yoon*, 128 F.3d 646, 651 (7th Cir.1995) (stating that Rule 16(a)(1)(E) requires disclosure of a written summary of expert witness testimony including the witness' opinions, the bases and reasons therefor, and the witness' qualifications). The Advisory Committee Notes to Rule 16(a)(1)(E) state:

> The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.

FED.R.CRIM.P. 16 advisory committee's note (1993); *see also United States v. Richmond*, 153 F.R.D. 7, 8 (D.Mass.1994).

■ As the Background section of this entry reveals, the government has substantially complied with Rule 16's expert disclosure requirements and the court's discovery orders as they pertain to reports of examinations and tests as well as expert witnesses. As early as March 10, 1999, the government provided defense counsel with copies of all of the expert reports regarding the gambling devices that it has.

Thus, it appears the government has complied with the court's pretrial discovery order that it disclose any reports of examinations and tests.

As for the government's expert witnesses—James Douglas "Doug" Dunlap, Desmond C. Ladner, and Agent Stanczak, the government substantially has complied with the court's discovery orders and Rule 16(a)(1)(E) as to each of them. According to the government, FBI Agent Dunlap first was identified on March 10, 1999–he prepared one of the reports on the gambling devices provided defense counsel on that date.[4] Agent Dunlap's report sets forth his opinion that play on the gambling devices examined are based on chance and require essentially no skill. The report also provides bases and reasons for his opinions regarding the gambling machines: It indicates the play and operational features of the machines were examined. Though terse, a written summary of his opinions and the bases and reasons therefor were provided to all defense counsel in the government's *Santiago* Proffer. His expert qualifications also have been provided them. Thus, the government has made the disclosures regarding Agent Dunlap required by Rule 16 and the court's discovery orders, and all but his qualifications were made in a timely fashion. The belated disclosure of his qualifications–8 days late-does not prejudice any of the Defendants since the trial has been continued until September 7, 2000.

Based on the government's representation, D.C. Ladner, like Agent Dunlap, was first identified, albeit indirectly, on March 10, 1999–as Director of the Mississippi Gaming Commission on the Commission's report which was provided to defense

---

4. The court was provided a copy of an FBI Report of Examination, dated March 4, 1999, indicating James D. Dunlap as the examiner, as an attachment to Defendant Vicky Strickland's *In Camera, Ex Parte,* Response Under Seal In Support Of The Defendant Strickland's Motion For Production Of Exculpatory Evidence. Though the report was provided as part of Ms. Strickland's in camera, ex parte submission under seal, because the report was prepared by the FBI and apparently provided to her by the government, there is no reason for the court to refrain from referring to it. The report needn't have been submitted ex parte and under seal.

counsel at that time. Then the government clearly identified Mr. Ladner as an expert witness on gambling in its *Santiago* Proffer which contains a written summary of Mr. Ladner's opinions and the bases and reasons therefor. As with Agent Dunlap, however, the written summary is quite terse. Presumably, the Mississippi Gaming Commission's report also contains some of the bases and reasons for Mr. Ladner's opinions; the court, however, has not been provided a copy of that report. In addition, Mr. Ladner's qualifications have been provided to counsel for the Defendants. Thus, as with Agent Dunlap, the government has made the necessary disclosures respecting Mr. Ladner and, with the exception of his qualifications, the disclosures were timely. Also as with Agent Dunlap, the late disclosure of Mr. Ladner's qualifications causes no prejudice to the Defendants. They will have had that information more than 4 months before trial.

As for Agent Stanczak, though not identified either by name or as a tax expert, the *Santiago* Proffer sets forth a very cursory summary of his testimony, including his opinions. Proposed Government Exhibit 822 is the summary exhibit he will use at trial and contains the information he will rely on as well as the calculations he will make. The many and detailed schedules in that exhibit provide defense counsel with the basis of the agent's opinion, and his qualifications also have been provided. Though the government's disclosure of Agent Stanczak's information was a little belated, all but his qualifications were disclosed within one week of the disclosure deadline, and the qualifications were only 8 days late. What is important, particularly since the trial has been continued to September 7, 2000, is that the government has made its expert witness disclosures with respect to Agent Stanczak in substantial compliance with Rule 16 and the court's orders. Furthermore, the Defendants will

have had the disclosures well in advance of the September trial date.

 Finally, it is noted that the government did not meet the April 20, 2000, deadline for disclosure of the IRS calculations/computations. It did, however provide in a timely fashion a summary of the calculations. Though belated, the disclosure of the actual calculations was within one week of the deadline. Therefore, the court finds the government substantially complied with its discovery orders regarding IRS calculations and computations.

The court concludes that the government's many disclosures throughout this case tend to minimize the surprise which may result from its experts' testimony and allow the defense a fair opportunity to test the experts' opinions through cross-examination or by offering their own expert testimony on the gambling devices and tax-related information. Though the government could have provided its expert witness disclosures in a neater, tighter package, it has substantially complied with Rule 16 and the court's discovery orders, and it did so by the end of April 2000. Thus, the defense will have had the benefit of all the government's expert information and IRS calculations for roughly more than four months before trial, which is well in advance of the trial and more than sufficient time to allow the defense to prepare for trial.[5] Accordingly, the motions in limine regarding expert witnesses are **DENIED.**

### B. Koons' Request for List of Items

The court understands item (2) in Koons' motion in limine ("any documents on the attached list of items") as referring to the list of items entitled "Koons Rule 16(b) Request" attached to a letter, dated April 24, 2000, from Koons' counsel, Linda M. Wagoner, to government counsel, which is Exhibit B to Koons' Motion To Join

---

**5.** This amount of time exceeds that originally sought by Ms. Neal. She had requested that the disclosures be advanced two months earli-

er than the government's proposed disclosure date of approximately six weeks before trial.

Motions In Limine. Mr. Koons' Memorandum indicates he seeks exclusion of said items because of the government's noncompliance with discovery. At the status conference on June 16, 2000, however, Mr. Koons' counsel stated that the concerns with discovery compliance had been resolved. Therefore, Mr. Koons' Motion To Join Motions In Limine is **DENIED** regarding the documents on the attached list of items.

### Conclusion

Cleo Neal's Motion in Limine, joined by Aaron Koons, is **DENIED**, and Vicky Strickland's Motion in Limine, also joined by Aaron Koons, is **DENIED**. Aaron Koons' Motion In Limine is **DENIED** as to the items listed on "Koons Rule 16(b) Request".

ALL OF WHICH IS ORDERED this 1st day of September 2000.